HUNTER, JR., Robert N., Judge,
concurring in part and dissenting in part.
Though I agree with the majority’s decision to affirm the trial court’s adjudication of neglect and to remand for correction of a clerical error as to the adjudication of dependency, I cannot agree with the majority’s decision to affirm the visitation portion of the disposition order. Pursuant to N.C. Gen. Stat. § 7B-905.1(a) (2013), the trial court should consider a parent’s ability to pay before requiring the parent to pay supervised visitation costs. Accordingly, because the court below ordered respondent to pay the costs of supervised visitation without making any findings that she was able to do so, I respectfully dissent from the majority on this issue.
The potential consequences of failing to pay the costs of supervised visitation includes having visitation suspended, a condition which, if uncured, could ultimately lead to the termination of parental rights. This Court has consistently held that a parent’s poverty, alone, should not be grounds for termination of parental rights. See In re T.D.P., 164 N.C. App. 287, 290-91, 595 S.E.2d 735, 738 (2004), aff’d per curiam, 359 N.C. 405, 610 S.E.2d 199 (2005). Denying visitation to a poor parent who was required, but unable, to pay the costs of visitation conditions an important constitutional right on wealth. As judges, we have a duty to construe statutes so that their application would not violate either the Constitution of North Carolina or the United States Constitution. See, e.g., Appeal of Arcadia Dairy Farms, Inc., 289 N.C. 456, 465, 223 S.E.2d 323, 328 (1976) (“If a statute is reasonably susceptible of two *77 constructions, one of which will raise a serious question as to its constitutionality and the other will avoid such question, it is well settled that the courts should construe the statute so as to avoid the constitutional question.”). Requiring the trial court to make findings of fact addressing a parent’s ability to pay before ordering the parent to pay the costs of supervised visitation would obviate any unconstitutional result.
Accordingly, because N.C. Gen. Stat. § 7B-905.1(a) is silent as to whether the trial court must make the findings at issue, and because the majority’s holding could lead to undesirable outcomes for poverty-stricken parents, I respectfully dissent. I would remand the disposition order for further findings of fact addressing respondent’s ability to pay the costs of supervised visitation before entering such an order.